Magistrate Judge Paula L. McCandlis

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ERIK MERCADO,<br><br>　　　　　　　Defendant. | CASE NO. MJ21-042<br><br>COMPLAINT for VIOLATION<br><br>Title 18, United States Code, Sections 922(g)(1) and 924(a)(2) |

BEFORE the Honorable Paula L. McCandlis, United States Magistrate Judge, at Seattle, Washington.

The undersigned complainant being duly sworn states:

## COUNT 1
**(Felon in Possession of Ammunition)**

On or about October 13, 2020, in Marysville, Snohomish County, within the Western District of Washington, and elsewhere, ERIK MERCADO, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: *Conspiracy to Distribute Controlled Substances*, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846, on or about August 8, 2014, in *United States v. Felipe Mercado-Gonzalez, et al.*, CR14-0082RSL, Western District of Washington; did knowingly possess in and affecting intestate and foreign commerce ammunition, to wit:

COMPLAINT / *United States v. Erik Mercado* - 1
USAO 202R00966

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

sixteen rounds of 9mm Luger and one round of .40 caliber Smith & Wesson ammunition, all of which had been shipped and transported in interstate commerce.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The undersigned complainant, being duly sworn, further states:

## COMPLAINANT'S BACKGROUND

1. I, Terry A. Getsch, am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been so employed since July 2018. I am currently assigned to the FBI office in Bellingham, Washington in support of the Seattle Safe Streets Task Force and the Northwest Washington Safe Trails Task Force. Among other criminal offences, these task forces investigate drug trafficking organizations, illegal firearm possession and transnational organized crime. Prior to becoming an FBI Special Agent, I was employed from 2014 to 2018 as a Police Officer and Detective in the state of Georgia. In my time as a law enforcement officer, I have participated in numerous drug and firearms investigations involving but not limited to possession of illegally modified firearms, illegal possession of ammunition, possession of stolen firearms, drug possession offences and drug trafficking offenses. I have also interviewed drug dealers, confidential informants and drug users regarding the means and methods used by drug traffickers.

2. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations and to make arrests for federal felony offenses.

3. The facts set forth herein are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of cooperating witnesses, review of documents, records and photographs related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein and information gained through my training and experience. Because this Complaint is submitted for the limited purpose of determining whether there is probable cause in support

COMPLAINT / *United States v. Erik Mercado* - 2
USAO 202R00966

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

of the application for an arrest warrant, it does not set forth each and every fact that I or others have learned during the course of this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause to believe that ERIK MERCADO has committed the crime of Felon in Possession of Ammunition in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## PROBABLE CAUSE

*MERCADO Is a Convicted Felon*

4. Federal court records show that on May 9, 2014, MERCADO pleaded guilty to *Conspiracy to Distribute Controlled Substances*, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846, in *United States v. Felipe Mercado-Gonzalez, et al*., CR14-0082RSL, Western District of Washington.  On August 8, 2014, the Honorable Robert S. Lasnik sentenced MERCADO to 36 months in custody, followed by three years of supervised release.  The judgment reflects that MERCADO was prohibited from possessing firearms and ammunition.

*October 5, 2020 Traffic Stop of MERCADO*

5. On October 5, 2020 the Skagit County Interlocal Drug Enforcement Unit (SCIDEU) was contacted by Washington State Patrol Trooper Wilcox (WSP case 20-017087). Trooper Wilcox explained that earlier in the morning she conducted a traffic stop on I-5 within Skagit County.  During that traffic stop, Trooper Wilcox arrested ERIK MERCADO, the driver and sole occupant of the vehicle, on a Department of Corrections (DOC) warrant for escape from community custody and DUI.  Trooper Wilcox explained to SCIDEU detectives that during the investigation she found several Percocet 30 mg pills in MERCADO's pocket. Trooper Wilcox said that she applied for and was granted in Skagit County District Court a search warrant for the vehicle that MERCADO was driving. During the execution of the search warrant Trooper Wilcox said that she seized baggies, a scale with brown tar residue on it, a bag containing suspected methamphetamine, a bag containing suspected cocaine, a handgun and a box of ammunition. The handgun returned confirmed stolen out of Bellingham.

COMPLAINT / *United States v. Erik Mercado*  - 3
USAO 202R00966

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

6. FBI SA Andrew Weathers and I have reviewed Trooper Wilcox's probable cause affidavit regarding the arrest of MERCADO. Trooper Wilcox has been employed by the Washington State Patrol since November of 2015, has served as a commissioned law enforcement officer for approximately three years, and is currently assigned as a Trooper in Skagit County, Washington.  Trooper Wilcox's duties involve enforcing the laws of the State of Washington, including both criminal and non-criminal traffic related offenses. Trooper Wilcox's training and experience regarding investigations of these crime(s) includes the Washington State Patrol Basic Academy, Standardized Field Sobriety Testing (SFST) Training, 16-Hour Advanced Roadside Impaired Driving Enforcement (ARIDE) course in November of 2017, and Breath Alcohol Content (BAC)/SFST Refresher Training, most recently, in October of 2019.  Trooper Wilcox has observed and personally conducted hundreds of DUI investigations, both alcohol and drug related, and has received specialized training regarding these investigations. Trooper Wilcox has also been involved in numerous drug related investigations and seizures to include the possession of drugs, paraphernalia and items used in the distribution/selling of drugs and has received specialized training regarding these investigations.

7. On October 5, 2020, at approximately 1:04 a.m., Trooper Wilcox was traveling southbound on I-5 near milepost 221 in Skagit County.  Trooper Wilcox observed a blue Chevrolet Cruz (WA/BUR9510) (the Target Vehicle), also traveling southbound, ahead of her. Trooper Wilcox observed the Target Vehicle was bouncing back and forth from line to line. Trooper Wilcox performed a registration check for the Target Vehicle, and it returned that the registered owner, Erik MERCADO, had a felony warrant for DOC escape community custody. Trooper Wilcox activated her emergency lights to initiate a traffic stop. The Target Vehicle slowly came to a stop on the right shoulder near milepost 221.

8. Upon contact with the Target Vehicle, Trooper Wilcox smelled a medium odor of burnt marijuana coming from it. Trooper Wilcox observed that MERCADO was the driver and sole occupant of the vehicle, that MERCADO's eyes were glossy and was on the phone talking to someone telling them his location, and that MERCADO was shaking.

COMPLAINT / *United States v. Erik Mercado* - 4
USAO 202R00966

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

9. Trooper Wilcox asked MERCADO to step out of the Target Vehicle. MERCADO agreed to perform a voluntary field sobriety test, which he failed. Trooper Wilcox observed MERCADO's eyelids were fluttering and he was swaying front to back. MERCADO admitted to consuming a bowl of marijuana earlier. Based on Trooper Wilcox's training, experience, and totality of the circumstances, Trooper Wilcox determined MERCADO was under the influence and should not have been driving a motor vehicle. He was placed in custody and read his *Miranda* Rights.

10. Trooper Wilcox performed a search of MERCADO's person incident to arrest and in his pants pocket, Trooper Wilcox located a clear baggie with four round pills in it. The pills appeared to have a pressed logo on them. MERCADO stated they were Percocet. He said he did not know if they had fentanyl in them.

11. MERCADO refused a consent search of his vehicle. Trooper Wilcox observed in plain view on the driver's side door pocket of the vehicle there was a clear plastic baggie and an object that appeared to be a scale. MERCADO refused a voluntary blood draw.

12. A driver's check for MERCADO confirmed he had a felony DOC warrant for assault 2, has one prior DUI in the last 10 years, is a supervised person, is a violent offender, is a gang member associate and has VUCSA history. Trooper Wilcox wrote and applied for a search warrant for the MERCADO's blood and the vehicle (the Target Vehicle). Both warrants were approved by Court Commissioner Jenifer Howson.

13. While executing the vehicle search warrant, Trooper Wilcox located multiple small clear plastic baggies, a baggie containing a white crystalized substance, and a scale in the driver's side door. Trooper Wilcox observed a black handgun under the driver's seat. The firearm appeared to be loaded. As MERCADO is a convicted felon, Trooper Wilcox then wrote and applied for an amended search warrant to retrieve the firearm. The warrant was approved by Court Commissioner Jenifer Howson.

14. Trooper Wilcox retrieved the firearm, and it had a round in the chamber. Trooper Wilcox performed a check on the firearm through WSP Communications and was

COMPLAINT / *United States v. Erik Mercado* - 5
USAO 202R00966

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

advised that it was a stolen firearm out of Bellingham. The firearm is further described as a 9mm Sig Sauer P938 handgun bearing serial number 52B089459.

15. In the Target Vehicle's trunk, Trooper Wilcox found a blue backpack. In a pocket in the blue backpack, there was a scale next to a plastic bag containing a white powder. Based upon Trooper Wilcox's training and experience, Trooper Wilcox believed the white powder was cocaine. In the trunk where the spare tire is stored, Trooper Wilcox located a firearm holster and a box containing 29 rounds of .38 caliber ammunition. Trooper Wilcox also located multiple papers with MERCADO's name on them in the trunk. Per DOL, Erik MERCADO is the registered owner of the Target Vehicle, and his mother is the legal owner of the vehicle.

16. Based upon MERCADO being the registered owner of the vehicle, MERCADO being the only occupant in the Target Vehicle, MERCADO's paperwork by the blue backpack containing suspected drugs and a scale, the stolen firearm being under MERCADO's seat, and the four pills being located in MERCADO's pocket, Trooper Wilcox believed the items located/seized from the contact were MERCADO's. Trooper Wilcox asked MERCADO where he got the firearm, and MERCADO stated he did not want to talk to Trooper Wilcox. Based on the amount of the white powdery substance in the blue backpack, the scale, and the small clear baggies in the Target Vehicle, Trooper Wilcox believed MERCADO possessed the suspected cocaine with the intent to deliver it.[1]

17. After the search of the Target Vehicle was concluded, it was released to MERCADO's mother.

18. Trooper Wilcox transported MERCADO to Skagit Valley Hospital for a blood draw. The blood draw was executed; toxicology results are pending. After the blood draw

---

[1] The drugs seized from the Target Vehicle (the four "M-30" pills, the suspected cocaine, and the suspected methamphetamine) have been transferred to the Seattle FBI and submitted for testing. The DEA Laboratory has tested the pills and has confirmed the presence of Fentanyl. On October 7, 2020, detectives tested the white powder using a TruNarc device, and it came back presumptive positive for cocaine. The cocaine weighed 36.7 gross grams (weight includes packaging) of cocaine, and the quantity would be considered consistent with distribution. The remaining lab analysis is pending.

COMPLAINT / *United States v. Erik Mercado* - 6
USAO 202R00966

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

was executed, Trooper Wilcox transported MERCADO to the Skagit County Jail, where he remains in custody.

19. MERCADO is presently charged in *State v. Erik Felipe Mercado*, Skagit County Superior Court, cause no. 20-1-00755-29, with Unlawful Possession of a Firearm in the First Degree, Possession of a Controlled Substance Other than Marijuana (Percocet), and Driving Under the Influence.

*Additional Search Warrants for Phones and for MERCADO's Residence*

20. Trooper Wilcox told detectives that during the search of MERCADO, Trooper Wilcox located a black cell phone on MERCADO's person. Trooper Wilcox advised that MERCADO's cell phone was taken, along with MERCADO, to the Skagit County Jail. On October 6. 2020, Task Force Officer (TFO) Detective Paul Pacini called the Skagit County Jail and confirmed that there was a black cell phone in MERCADO's personal property at the Skagit County Jail. On October 7, 2020, detectives were granted a warrant in Skagit County District Court in order to obtain the cell phone from MERCADO's personal property at the jail. This phone is further described as a black Samsung cell phone with a cracked screen. This phone is presently in the custody of the FBI and has been designated as FBI evidence item 1B34.

21. As investigators learned from Trooper Wilcox and from reviewing the photographs taken in conjunction with Trooper Wilcox's search of the Target Vehicle, there was a black cell phone with a white "KING" sticker on the back in the Target Vehicle. Investigators believed the term "KING" referred to the South Side Kings Sureno gang in Skagit County. This phone was left in the Target Vehicle, which was, as noted earlier, released to MERCADO's mother. Washington Department of Corrections indicate that MERCADO is a validated Sureno gang member. Based on SA Weather's training and experience and discussions with other law enforcement officers, he is aware that the South Side Kings are a Skagit County-based Sureno gang. Investigators believe that the presence of the "KING" sticker on the phone that was in the Target Vehicle with MERCADO is consistent with MERCADO being the user of this phone.

COMPLAINT / *United States v. Erik Mercado* - 7
USAO 202R00966

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

22. Investigators believed that MERCADO resided with his mother at 16800 27th Ave NE, Apt A305, Marysville, WA (hereinafter Target Location), as this is the address on his WA driver's license and is the address to which the Target Vehicle is registered.

23. Additionally, after MERCADO was arrested on October 5, 2020, investigators spoke with MERCADO's federal probation officer, who confirmed that the Target Location is his address of record and that the officer has visited MERCADO at this address. The probation officer advised MERCADO lives in the apartment with his mother and that his bedroom is located at the end of the hall.

24. On October 8, 2020, investigators conducted surveillance of the Target Location. Investigators observed the Target Vehicle parked in a parking stall at the Target Location.

25. On October 13, 2020, SA Weathers applied for federal search warrants for the Target Location, Target Vehicle and MERCADO's cell phone (1B34). The warrants were authorized by Chief U.S. Magistrate Judge Brian A. Tsuchida. That same date, SA Weathers, SCIDEU and the Bellingham FBI executed these search warrants. I participated in the execution of these warrants as well.

26. Prior to execution of the search warrants, SA Weathers spoke with MERCADO's mother by phone. When investigators arrived at the Target Location, MERCADO's mother was in the residence. MERCADO's mother told SA Weathers that she lived at Target Location with her boyfriend and MERCADO. MERCADO's mother identified MERCADO's bedroom (referred to herein as Room F). MERCADO's mother stated that she did not allow MERCADO to possess drugs, alcohol, firearms or ammunition in the apartment, and she advised that there should not be any drugs, firearms or ammunition in the residence. MERCADO's mother further advised that she sold Target Vehicle to MERCADO for $3,000, and he had paid $1,000 to her. No bill of sale was completed. MERCADO's mother also advised Individual 1 was MERCADO's girlfriend.

27. During the execution of the search warrant, investigators identified that the Target Location was a two-bedroom, two-bathroom, single level apartment with an open

COMPLAINT / *United States v. Erik Mercado* - 8
USAO 202R00966

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

concept living area. The rooms were labeled as living room (Room A), kitchen/dining area (Room B), common area bathroom (Room C), bedroom (Room F), master bedroom (Room D) and master bathroom (Room E). During the search of Room F, investigators took photographs of various law enforcement documents, mail, artwork, identification cards and a bank card's that corroborated that the room was MERCADO's bedroom as identified by his mother.

28. During the search of the Target Location, the FBI seized the following items from MERCADO's bedroom (Room F):

(a) 1B35 - A black plastic bag with (16) 9 mm pistol ammunition found on the floor next to the closet;

(b) 1B36 - Two pieces of mail addressed to MERCADO at the Target Location from the television stand;

(c) 1B37 – Two AWS electronic scales;

(d) 1B38 - iPhone SE Gold from the television stand;

(e) 1B39 - Pink/orange pills in green alien head small bag (suspected of being counterfeit suboxone 8mg pills);

(f) 1B40 - One $1 bill with suspected marijuana rolled up inside from the television stand;

29. The FBI also seized one .40 caliber pistol round (1B41) from the back of the toilet in the common area bathroom (Room C) and a Samsung Galaxy S8 with a white "KING" sticker (1B42) from a purse in the kitchen (Room B). Item 1B42 appeared to be a direct match to the phone photographed during Trooper Wilcox search of the Target Vehicle.

30. During the search of the Target Vehicle, the FBI seized the following items:

(a) 1B43 - Visa US Bank card for Individual 1;

(b) 1B44 - Suspected marijuana with pipe;

(c) 1B45 – Two prescription bottles with pills subscribed to a third party; and

(d) 1B46 - Black leather holster from the trunk.

COMPLAINT / *United States v. Erik Mercado* - 9
USAO 202R00966

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

31. Pursuant to two separate federal search warrant issued to SA Weathers in the Western District of Washington (Case No. MJ20-654 for 1B34 and Case No. MJ20-655 for 1B38 and 1B42), I requested that the regional FBI digital laboratory obtain downloads of all three cell phones. To date, Item 1B38 has been locked and encrypted, and the laboratory has been attempting to break the encryption. Successful downloads of cell phones 1B34 (seized from MERCADO's property at the Skagit County Jail) and 1B42 (phone with "KING" sticker observe by Trooper Wilcox during the search of the Target Vehicle) were obtained by the laboratory and provided to the FBI.

32. I conducted a review of the download of 1B34 and identified the following digital evidence:
   (a) Various messages identifying a user of the phone to be MERCADO (sometimes referred to by the nickname "kriminal");
   (b) 28 images, search history, web history or messages pertaining to marijuana or drugs;
   (c) 210 images search history and web history related to firearms; and
   (d) Various searches of the Sunny Side and Skagit County Jail rosters.

33. I conducted a review of 1B42 and identified the following:
   (a) Various images, auto fills and messages identifying the user of the phone as MERCADO;
   (b) 9 images, searched items or videos related to the possession of marijuana or drugs;
   (c) 12 images and videos of firearms;
   (d) Various searches related to Skagit County and Whatcom County Jail rosters and the Washington prisoner inmate search; and
   (e) Various searches related to the disassembly of firearms.

*Interstate Nexus*

34. On November 5, 2020, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) SA Catherine Cole, a certified Interstate Firearms and Ammunition Nexus Expert,

COMPLAINT / *United States v. Erik Mercado* - 10
USAO 202R00966

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

who has been trained in the recognition of firearms and ammunition and their origin of manufacture, examined photos of the firearm and ammunition related to this investigation. These photos included, but were not limited to, photos of the following ammunition:

    (a) 1B35 – Various rounds of 9mm Luger caliber ammunition containing the markings - all of which were seized by the FBI from MERCADO's bedroom:

        1) "BARNES    9mm LUGER +P" on the head-stamp;

        2) "JAG  9mm LUGER" on the head-stamp; and

        3) "WIN 9mm LUGER" on the head-stamp; and

    (b) Exhibit 1B41 – A round of .40S&W caliber ammunition containing the markings "WINCHESTER 40 S&W" - seized by the FBI from the common bathroom at the Target Residence.

35. SA Cole determined that the above-identified rounds of ammunition were not manufactured in the State of Washington. Based upon her experience, knowledge and research, it is SA Cole's opinion that all the above-listed rounds of ammunition are ammunition as defined in Title 18 U.S.C., Chapter 44, Section 921(a)(17)(a). Finally, it is also SA Cole's opinion that, because the above-listed ammunition was not manufactured in the state of Washington, it therefore must have traveled in interstate commerce prior to MERCADO's possession of it in the State of Washington.

//
//
//
//
//

COMPLAINT / *United States v. Erik Mercado* - 11
USAO 202R00966

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

## CONCLUSION

36. Based on the foregoing, I submit that probable cause exists to believe that ERIK MERCADO knowingly possessed the ammunition seized from the Target Residence and has committed the crime of Felon in Possession of Ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

_____
Terry A. Getsch, Complainant
Special Agent, FBI

The above-named agent provided a sworn statement attesting to the truth of the contents of the foregoing affidavit on the 25th day of January, 2021. Based on the information contained in this affidavit, the Court hereby finds that there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

_____
Hon. Paula L. McCandlis
United States Magistrate Judge

COMPLAINT / *United States v. Erik Mercado* - 12
USAO 202R00966

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970